**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4604**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

TYQUAN JACKSON,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:09-cr-00352-HEH-1)

_____

Submitted:  April 7, 2011              Decided:  May 3, 2011

_____

Before DAVIS and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Mary E. Maguire, Assistant Federal Public Defenders,
Richmond, Virginia, for Appellant.  Neil H. MacBride, United
States Attorney, Michael A. Jagels, Special Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyquan Jackson appeals his conviction and eighty-month sentence, following a jury trial, for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Jackson contends that there was insufficient evidence to sustain the jury's verdict. Finding no reversible error, we affirm.

We review a district court's denial of a Fed. R. Crim. P. 29 motion for acquittal de novo. United States v. Reid, 523 F.3d 310, 317 (4th Cir. 2008). "A defendant challenging the sufficiency of the evidence to support his conviction bears a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). We will uphold a jury's verdict "if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." Reid, 523 F.3d at 317. Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (internal quotation marks omitted). In resolving issues of substantial evidence, we do not reweigh the evidence or reassess the factfinder's determination of witness credibility, see United States v. Brooks, 524 F.3d 549, 563 (4th Cir. 2008), and "can reverse a

2

conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted).

To establish a violation of 18 U.S.C. § 922(g)(1) (2006), the Government must prove that: (1) Jackson was a convicted felon; (2) Jackson knowingly possessed a firearm; and (3) the firearm traveled in interstate commerce. See United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Jackson stipulated that he had been convicted of a felony and that the firearm traveled in interstate commerce. Thus, the Government only had to prove Jackson's knowing possession.

Here, viewing the evidence in the light most favorable to the Government, we hold that there was sufficient evidence from which the jury could conclude beyond a reasonable doubt that Jackson possessed a gun. The jury heard from a police officer who saw Jackson holding a gun, as well as from several other officers who observed Jackson's nervous behavior, described his attempt to flee from them, and saw the gun at the scene. Because we cannot say that the officers' testimony was inherently improbable or incredible, we decline to reassess the jury's credibility determinations. See United States v. Close, 349 F.2d 841, 848-49 (4th Cir. 1965).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED